NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM KOZIN & KURT KOZIN,<br><br>            Plaintiffs,<br><br>        v.<br><br>RICHARD J. DUNN, KEVIN R. DUNN, &<br>CROSSWALK HOLDINGS, INC.,<br><br>            Defendants. | Civil Action No. 04-852 (DRD)<br><br>**O P I N I O N** |

Appearances

Peter W. Till, Esq.
LAW OFFICES OF PETER W. TILL
105 Morris Avenue - Suite 201
Springfield, NJ 07081

   *Attorney for Defendants*

William J. Levant, Esq.
Robert W. Keyser, Esq.
KAPLIN STEWART MELOFF REITER & STEIN, P.C.
25 Chestnut Street, Suite 102
Haddonfield, NJ 08033

Steven Kapustin, Esq.
KAPLIN STEWART MELOFF REITER & STEIN, P.C.
350 Sentry Parkway, Building 640
Blue Bell, PA 19422

   *Attorneys for Plaintiffs*

1

## *OPINION*

### DEBEVOISE, Senior District Judge

Presently before the court is the motion of Defendants Richard J. Dunn, Kevin R. Dunn, and Crosswalk Holdings, Inc. (collectively "Defendants") to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion will be denied with respect to Plaintiffs' common law fraud claims and granted with respect to Plaintiffs' federal securities fraud claims.

### *FACTS*[1]

On February 23, 2004, Plaintiffs William Kozin and his son Kurt Kozin (collectively "Plaintiffs") filed the Complaint alleging various violations of federal and state securities laws, common law fraud, and breach of contract. Plaintiffs' claims are based on an allegedly unpaid and overdue $150,000.00 loan made to Crosswalk Holdings by William Kozin, Defendants' purported promise to Kurt Kozin of a 5% equity stake in Crosswalk, and Defendants' purported obligation to pay Kurt Kozin under an Employment Agreement.

Plaintiffs are residents of Pennsylvania. Defendant Crosswalk is a corporation organized under Delaware law, with its principal place of business at 9 Law Drive, Third Floor, Fairfield, New Jersey. Defendant Richard Dunn is a resident of New York who was the president of Crosswalk at all relevant times. Defendant Kevin Dunn is a resident of New Jersey who was the secretary of Crosswalk at all relevant times.

Crosswalk was a company that was set up to acquire revenue-generating, profitable third-party administrators ("TPAs") that provide technology-based services, risk-taking financial

---

[1]The facts recited in this section are taken from the Complaint.

services, administrative services and products to managed care organizations, health insurers, corporations, Taft-Hartley welfare funds, health care providers and provider groups and financial and insurance brokers and associations. In the fall of 2000, Crosswalk, by and through Richard J. Dunn and Kevin R. Dunn (collectively, the "Individual Defendants"), approached Kurt Kozin regarding:

    a. playing a major role in Crosswalk's senior management;

    b. loaning $150,000 to Crosswalk and being paid 9% with a balloon period at the end of 36 months;

    c. granting the right to convert warrants to equity equal to $150,000; and

    d. buying a 5% equity ownership in Crosswalk.

(Compl. ¶ 16.) Kurt Kozin advised Defendants that his father, William Kozin, would be the individual investing $150,000.

Defendants, by and through the Individual Defendants, represented the following information to Plaintiffs:

    a. Crosswalk intended to purchase or take a large investment in a TPA located in Fairfield, New Jersey that was currently generating $100,000 per month with an EBITDA of over $20,000 a month;

    b. This TPA could be purchased for $100,000 down and an additional $150,000 staggered over 30 payments;

    c. $75,000 was needed for additional working capital;

    d. Crosswalk had lined up another firm to purchase, and this firm was generating $900,000 in revenue and over $100,000 in EBITDA and could be purchased for very little cash or that the Company would be then left with $2,100,000 in revenue with almost $350,000 in EBITDA;

    e. Crosswalk would bring in several other accounts which would generate another $500,000 in revenue by mid-second quarter 2000;

  f.  Crosswalk currently had commitments for $100,000 in equity;

  g.  Crosswalk had the ability to do equipment financing for an additional $150,000; and

  h.  Funding was available from Rockwell Capital of New York City which currently had $2,500,000 in a public shell that could be turned into $10 million in debt financing for Crosswalk to complete these initial TPA acquisitions.

(Compl. ¶ 18.)  These statements were communicated through e-mails, including that of December 2, 2002 (Ex. A), by letters, including that of December 10, 2002 (Ex. B), as well as numerous other interstate telephone calls and communications.  Plaintiffs allege that these statements were untrue or omitted material facts.

  In reliance on these statements, Plaintiffs undertook the following actions:

  a.  Kurt Kozin entered into a Letter of Intent with Crosswalk on December 23, 2002.

  b.  William Kozin lent Crosswalk $150,000 on January 1, 2003, as evidenced by a Promissory Note (Ex. D).

  c.  Kurt Kozin entered into an Employment Agreement with Crosswalk which provided an annual base salary of $150,000 for five years (Ex. E).

Crosswalk defaulted under the terms of the Promissory Note.  William Kozin, by letter dated December 15, 2003 and drafted on his behalf by counsel (Ex. F), notified Crosswalk of its default and exercised his acceleration rights pursuant to the Promissory Note.

  Kurt Kozin never received 5% equity ownership in Crosswalk or any warrants.  Kurt Kozin was not paid under the Employment Agreement and left employment at Crosswalk in or about October 2003.

  The Complaint includes the following seven counts as the bases of Defendants' liability:

  Count One – Because the Promissory Note, Crosswalk equity and warrants were

> securities that were not registered as required by § 5 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77a et seq., and were sold in violation thereof, Defendants are responsible to Plaintiffs for the loss caused by such sales pursuant to § 12 of the '33 Act.
>
> Count Two – Defendants are liable for securities fraud under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq. (the "1934 Act"), and Rule 10b-5.
>
> Count Three – Defendants are liable for common law fraud.
>
> Count Four – Defendants are liable for negligent misrepresentation.
>
> Count Five – Defendants breached the Promissory Note by failing to pay William Kozin the amounts due thereunder.
>
> Count Six – Defendants breached the Employment Agreement by failing to pay Kurt Kozin $150,000 for at least four years.
>
> Count Seven – Defendants violated the New Jersey Securities Act, N.J. STAT. ANN. § 49:3-71.

Defendants have moved to dismiss for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). Defendants' motion concerns only the common law fraud and federal securities fraud claims – *i.e.*, Counts Two and Three – because Defendants request dismissal on the grounds that the Complaint does not meet the heightened pleading standard under FED. R. CIV. P. 9(b) and does not allege scienter adequately.

### *STANDARD OF REVIEW*

A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980); Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 634 (3d Cir. 1989). Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiffs

shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). Although consideration of facts on a motion to dismiss is typically limited to those contained in the Complaint, courts may consider indisputably authentic documents that are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). Accordingly, in addition to the Complaint, the documents annexed to the Complaint – *i.e.*, an e-mail dated December 2, 2002 from Kevin Dunn to Kurt Kozin (Ex. A), a letter dated December 10, 2002 from Kevin Dunn to Kurt Kozin (Ex. B), a Letter of Intent dated December 23, 2002 (Ex. C), the Promissory Note dated January 1, 2003 and check #124 of William Kozin dated January 2, 2003 and paid to the order of Crosswalk Holdings, Inc. in the amount of $150,000 (Ex. D), an unexecuted Employment Agreement (Ex. E), a letter dated December 15, 2003 on William Kozin's behalf accelerating his rights under the Promissory Note (Ex. F) – will be considered because they are integral to the Complaint and because Plaintiffs explicitly rely upon these documents to support their allegations.

   The targets of the pending motion to dismiss are the securities fraud and common law fraud claims, which are subject to heightened pleading requirements under both FED. R. CIV. P. 9(b) and the federal securities laws. Both Rule 9(b) and the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b), require a plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (citations omitted).

   Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and

other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b).  Although Rule 9(b) does not require every material detail of the fraud such as date, location, and time to be pleaded, a plaintiff must inject precision and some measure of substantiation into its allegation of fraud.  California Pub. Employees' Retirement Sys. v. Chubb Corp., 394 F.3d 126, 144 (3d Cir. 2004) (citations omitted).  The heightened pleading requirement is designed to give defendants notice of the claims against them, provide an increased measure of protection for their reputations, and reduce the number of frivolous suits brought solely to extract settlements.  In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1418 (citations omitted).

In addition to the pleading requirements of Rule 9(b), a plaintiff alleging securities fraud must also comply with the heightened pleading requirements of the PSLRA.  In a private action alleging that defendants made a material misrepresentation and/or omission, the PSLRA requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).  Additionally, "the complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).  The PSLRA has made the pleading standards in securities fraud cases more rigorous than the Rule 9(b) requirements.  2 MOORE'S FEDERAL PRACTICE § 9.10

### *DISCUSSION*

Defendants argue that Counts Two and Three should be dismissed "on the grounds that: (1) Plaintiffs' bald assertions of liability are insufficient under Fed. R. Civ. P. 9(b); and (2)

Plaintiff [*sic*] has [*sic*] failed to allege the requisite scienter . . . ." (Defs.' Br. at 7.) Defendants argue that the Complaint lacks specific facts to support its "blanket allegations" of fraud. The motion to dismiss the common law fraud claims will be denied, but the motion to dismiss the federal securities fraud claims will be granted.

**I.  Common law fraud**

To state a claim for common law fraud under New Jersey law, a plaintiff must allege that the defendant (1) made a material representation of a presently existing or past fact, (2) with knowledge of its falsity and (3) with the intention that plaintiff rely thereon, and (4) that plaintiff did so rely to his detriment. Jewish Ctr. v. Whale, 432 A.2d 521, 524 (N.J. 1981). The "circumstances constituting fraud" must be pleaded with particularity. FED. R. CIV. P. 9(b). Knowledge, on the other hand, may be averred generally. Id.

In this case, Plaintiffs' Complaint adequately alleges common law fraud. The allegedly fraudulent misrepresentations are stated in ¶ 18 of the Complaint and are further supported by the exhibits annexed to the Complaint. The circumstances constituting fraud are apparent from reading the allegations in the Complaint – Defendants approached Plaintiffs seeking investments in exchange for repayment with interest, an equity stake, and salary; and in order to induce Plaintiffs to make the investment, Defendants made various fraudulent misrepresentations concerning Crosswalk's sources of financing and specific targets for imminent acquisition. The allegedly fraudulent misrepresentations have been attributed to Defendants – for example, the e-mail from Kevin Dunn to Kurt Kozin (Ex. A) was cc'ed to Richard Dunn, and the letter from Kevin Dunn (Ex. B) begins with "My father and I would be very excited to have you as a partner and member of our Executive Team in CrossWalk Holdings, Inc." Fraudulent

misrepresentations, if any, contained in these documents may be attributable to the Individual Defendants as well as Defendant Crosswalk, which had only two shareholders, namely the Individual Defendants. Plaintiffs have alleged knowledge (or scienter) generally, which they are permitted to do under the Federal Rules of Civil Procedure. Plaintiffs have also stated their detrimental reliance on the alleged misrepresentations – they allegedly have not recouped investments or other payments as promised under the Promissory Note, warrants, and Employment Agreement.

To summarize, the Complaint contains "the who, what, when, where, and how" of the alleged fraud. Plaintiffs are entitled to all reasonable inferences at the pleading stage, and the motion to dismiss the common law fraud claims will be denied.

## II. Securities fraud

The federal securities fraud claims, however, have an even higher pleading hurdle to overcome. Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq. (the "'34 Act") prohibits the use of any "manipulative or deceptive device" in connection with the purchase or sale of a security. 15 U.S.C. § 78j(b). Rule 10b-5, promulgated thereunder, makes it unlawful for any person, in connection with the purchase or sale of a security, "to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading . . . ." 17 C.F.R. § 240.10b-5. To state a claim of securities fraud under § 10(b) and Rule 10b-5, a private plaintiff must plead the following elements: (1) the defendant made a misrepresentation or omission of (2) a material (3) fact (4) with knowledge or recklessness, (5) upon which the plaintiff reasonably relied and (6) consequently suffered damage. Ieradi v. Mylan Lab., Inc., 230

F.3d 594, 598 (3d Cir. 2000).  "A misrepresentation or omitted fact 'is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act.'" EP Medsystems, Inc. v. Echocath, Inc., 235 F.3d 865, 872 (3d Cir. 2000) (quoting TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976)).

In particular, the PSLRA requires that, in order for scienter to be pleaded properly, "the complaint shall . . . state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2) (emphasis added).  For purposes of Rule 10b-5 claims, "scienter" means a "mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 (1976).  The Court of Appeals has held that a strong inference of scienter may be shown if the complaint states with particularity (1) facts establishing a motive and opportunity to commit fraud, or (2) facts that constitute circumstantial evidence of reckless or conscious behavior. E.g., In re Advanta, 180 F.3d 525, 534-35 (3d Cir. 1999).  Recklessness is conduct involving "not merely simple, or even inexcusable negligence, but an extreme departure from the standard of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." McLean v. Alexander, 599 F.2d 1190, 1197 (3d Cir. 1979).

Defendants focus on Plaintiffs' purported failure to plead the scienter requirement, arguing that the Complaint does not show motive and opportunity or conscious misbehavior or recklessness.  Plaintiffs, on the other hand, argue that the Individual Defendants, as the sole equity owners of Defendant Crosswalk, had both motive and opportunity to make material misrepresentations, and that they also showed recklessness and conscious misbehavior.

10

Plaintiffs have not shown scienter by pleading motive and opportunity. The motive and opportunity ascribed to Defendants – *i.e.*, the Individual Defendants are the sole shareholders of Crosswalk and as such had motive to commit fraud – are generally possessed by the sole shareholders of any closely held company and does not raise an inference of wrongdoing, let alone a strong inference.

Plaintiffs have also not raised a strong inference of Defendants' conscious misbehavior or recklessness. Reckless behavior "involv[es] not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Id. at 535 (citations omitted). The Complaint does not state with particularity any facts giving rise to a *strong inference* that Defendants knew or had reason to know that they were making material misrepresentations to Plaintiffs, or that their representations to Plaintiffs amounted to an extreme departure from the standards of ordinary care and presented a danger of misleading Plaintiffs. Unlike pleading common law fraud – which permits general averments of state of mind – 10b-5 securities fraud claims must plead specific facts to give rise to a strong inference of the requisite state of mind. In this case, the scienter requirement has not been met.

In addition to not pleading scienter properly, the Complaint also does not plead falsity adequately. The PSLRA requires the Complaint to specify the reason(s) why each statement is misleading and, if an allegation regarding a statement or omission is made on information and belief, to state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1). In California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126 (3d Cir. 2004), the Court

of Appeals adopted the standard espoused by the Second Circuit in Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000) for assessing the sufficiency of allegations made on information and belief. Allegations made on information and belief can meet the pleading requirement by providing "sufficient documentary evidence and/or a sufficient description of the personal sources of the plaintiff's beliefs." Chubb, 394 F.3d at 147.  In this case, Plaintiffs have provided documentary evidence of the alleged misrepresentations.  This documentary evidence does not, however, show why the statements contained therein are misrepresentations.  The Complaint does not indicate why Plaintiffs believe the statements are misrepresentations, but merely states that they are.  This is insufficient under the PSLRA.

Accordingly, the motion to dismiss will be granted with respect to Plaintiffs' federal securities fraud claims.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be denied with respect to the common law fraud claims and granted with respect to the securities fraud claims. Plaintiffs may file an amended complaint within thirty days of the date of this opinion.  An appropriate order will be issued.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

August 15, 2005